UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARLOS DEWAYNE FOXX, #101889                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:15-cv-195-CWR-FKB

AMY HODGSON, ET AL.                                                             DEFENDANTS

### REPORT AND RECOMMENDATION

This cause is before the Court on the Motion for Summary Judgment [27] filed by Defendants Amy Hodgson, Willie Roberts, Janie Birdtail, Mary Jones, and Michael Rice. Having considered the motion and Plaintiff's response, the undersigned recommends that Defendants' motion for summary judgment be granted.

### I. Background

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), who is proceeding *pro se* in this litigation, asserting claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff claims that during his incarceration at East Mississippi Correctional Facility ("EMCF"), his request to be moved to another housing unit based on previous incidents was denied and that he was later assaulted by another inmate in the housing unit.[1]

According to the complaint, Plaintiff was stabbed in September 2012 while housed in unit 2-D at EMCF. [1] at 5. Plaintiff was released from custody sometime in 2013, but later that year he was sentenced on another charge and returned to incarceration at EMCF. *Id.* Plaintiff's

---

[1] Plaintiff is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi.  [33].

1

housing assignment changed several times, including a stint in segregation, before he was finally placed again in Unit 2-D. *Id.* Plaintiff alleges that on February 11, 2015, he advised Unit Manager Amy Hodges and Captain Willie Roberts of the previous incident and stated that he could not be housed in the unit because he felt he could be harmed.[2] *Id.* At 4-5. Plaintiff further alleges that Hodges and Roberts nevertheless returned him to the zone. *Id.* Plaintiff claims that Mary Jones and Michael Rice knew about the situation but took no action. *Id.* Plaintiff claims that Janie Birdtail "did [his] redtags" on February 13, 2015, but makes no other factual allegations regarding Birdtail. *Id.* at 6. Plaintiff alleges that on February 20, 2015, he was assaulted in his cell in Unit 2-D. *Id.* at 4.

Defendants now move for summary judgment, arguing that Plaintiff failed to complete the two-step Administrative Remedy Program ("ARP") process and therefore failed to exhaust his administrative remedies prior to filing this lawsuit. *See* [27].

## II. Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party." *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-

---

[2]In his complaint, Plaintiff identifies the unit manager's last name as "Hodgson." [1] at 1, 2, 4. Documents submitted by Defendants, however, identify the unit manager's last name as "Hodges." [27-1] at 1, 18.

2

moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

### III. Discussion

Defendants argue that summary judgment should be granted in their favor, as Plaintiff failed to exhaust his administrative remedies regarding his claims prior to filing the lawsuit. *See* [27]. In response, Plaintiff filed both a document entitled "Exhaustion of Administrative Remedies" and a response to the motion for summary judgment. *See* [28]; [35].

Under the relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 U.S. at 734. The Supreme Court has further held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Jones v. Bock*, 549 U. S. 199 (2007) (reaffirming that exhaustion is mandatory; stating that failure to exhaust is an affirmative defense). "[D]istrict

3

courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012).

In support of their argument, Defendants present the affidavit of Mary Dempsey, the Administrative Remedy Program ("ARP") Coordinator and the custodian of the ARP files at EMCF. *See* [27-1]. According to Dempsey's affidavit and the ARP files, Plaintiff submitted several ARP grievances regarding his assignment to Unit 2-D. *Id.* at 1-3.

On February 11, 2015, Plaintiff submitted an ARP claiming that Roberts and Hodges had, that day, forced him into Unit 2-D despite his statements regarding his previous incident in that unit. *Id.* at 1, 6. The ARP process for that grievance, labeled EMCF 15-990, concluded on May 19, 2015, when Warden Hogans completed a second-step response regarding the request. *Id.* at 2, 8.

On February 24, 2015, Plaintiff submitted an ARP seeking dismissal of a Rule Violation Report ("RVR") that he received as a result of his refusal to be housed in Unit 2-D on February 11, 2015. *Id.* at 2, 12. The ARP process for that grievance, labeled EMCF-15-791, was completed on April 15, 2015, when Warden Hogans completed a first-step response denying the disciplinary appeal. *Id.* at 2, 19.

On March 17, 2015, Plaintiff submitted an ARP regarding the alleged assault on February 21, 2015, and requesting to be moved to another facility. *Id.* at 2, 25. The ARP process for that grievance, labeled EMCF-15-1100, was completed on June 4, 2015, when Warden Hogans completed a second-step response confirming that a transfer request had been submitted for MDOC approval. *Id.* at 2, 28.

On April 25, 2015, Plaintiff submitted an ARP complaining that he was placed in administrative segregation following the February incident and requesting that he be placed in Unit

4.  *Id.* at 2-3, 31.  On July 13, 2015, a first-step response was completed, stating that Plaintiff had been transferred from EMCF.  *Id.* at 3, 32.  According to Dempsey's affidavit, the ARP process for that grievance, labeled EMCF-15-1273, was completed on October 22, 2015, when Warden Hogans completed a second-step response.  *Id.* at 3.

Plaintiff filed his complaint in the instant case on March 17, 2015.  Through sworn testimony and supporting documentation, Defendants have shown that Plaintiff failed to complete the ARP process as to any of the grievances regarding his housing assignment until *after* filing this case.  In response to Defendants' motion, Plaintiff has failed to show that a genuine issue of material fact exists on the exhaustion issue.  Accordingly, the undersigned finds that Defendants are entitled to judgment as a matter of law based on Plaintiff's failure to exhaust.

The undersigned concludes that United States Supreme Court and Fifth Circuit precedent compel dismissal of this case for Plaintiff's failure to exhaust the available administrative remedies prior to filing suit.  However, any such dismissal would be without prejudice.  From a review of the record, it appears that Plaintiff has now exhausted his administrative remedies.  Plaintiff is therefore free to refile his exhausted claims in a new lawsuit, if he so chooses.

### IV.  Conclusion

For the reasons stated herein, the undersigned recommends that the Motion for Summary Judgment [27] filed by Defendants Amy Hodgson, Willie Roberts, Janie Birdtail, Mary Jones, and Michael Rice be granted and that Plaintiff's claim be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    RESPECTFULLY SUBMITTED, this the 4th day of August, 2016.

                                      /s/ F. Keith Ball
                                      UNITED STATES MAGISTRATE JUDGE